2 F.3d 1154
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that no party may cite an opinion not intended for publication unless the cases are related by identity between the parties or the causes of action.
UNITED STATES of America, Appellee,
v.
Ray DAVIS, Appellant.
 No. 93-1342.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: June 18, 1993.
Filed: August 18, 1993.
 
 Before BOWMAN, Circuit Judge, HEANEY, Senior Circuit Judge, and BEAM, Circuit Judge.
 PER CURIAM.
 
 
 1
 Ray Davis was indicted on one count of possession with intent to distribute cocaine in violation of 21 U.S.C. Sec. 841(a)(1) (1988), and on one count of using or carrying a weapon during or in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c)(1) (Supp. III 1991). A jury found Davis guilty on the first count and not guilty on the second. Davis was sentenced to 160 months in federal prison and four years supervised release. Davis appeals his conviction and sentence. We affirm.
 
 
 2
 Davis raises two issues on appeal. First, he argues that the district court erred by admitting Exhibits 25 and 26 into evidence and by allowing the jury to review the exhibits during deliberations. The two exhibits were introduced by the government as probative evidence of Davis's residency at a particular apartment and his control over the bedroom and nightstand/dresser where the weapon was found. These exhibits consist of albums that contain photographs taken mainly of Davis and other prison inmates serving time at a federal penitentiary. Davis asserts that the photos depicted in the two exhibits are not relevant, are not of probative value, and are highly prejudicial to himself in that they depict him in a "prison setting." In ruling that these exhibits would be submitted to the jury, the district judge stated that "the photographs that remain in exhibits [25 and 26] are not necessarily indicative of anybody institutionalized...." T. at 267.[1]
 
 
 3
 A district judge has broad discretion in determining what evidence can be admitted, and we will not overturn her decision on appeal unless there is an abuse of discretion. Rothgeb v. United States, 789 F.2d 647, 650 (8th Cir. 1986). "Once exhibits are properly admitted into evidence, it is within the sound discretion of the trial court to allow them to be sent to the jury room." United States v. Foster, 815 F.2d 1200, 1203 (8th Cir. 1987). After carefully reviewing the photos contained in Exhibits 25 and 26, we are satisfied that they were not prejudicial to Davis, and therefore the district judge did not abuse her discretion in permitting the jury to view them during their deliberations.
 
 
 4
 The second issue raised by Davis goes to the quantity of drugs involved in the offense. Davis argues that the trial court erred in relying on the trial testimony of a witness who stated that he and Davis moved approximately four or five kilograms of cocaine. Tr. at 121. This witness was cross-examined by Davis's counsel at trial. During the sentencing phase of the proceedings, the trial court relied upon this testimony and held that the offense for which Davis was convicted involved approximately four kilograms of cocaine. He thus fixed Davis's base offense level at 30.
 
 
 5
 The sentencing court may rely on any information that "has sufficient indicia of reliability to support its probable accuracy." U.S.S.G. Sec. 6A1.3(a). We hold that the testimony, which was made in open court, was sufficiently reliable to support the district court's determination of Davis's offense level.
 
 
 6
 Based on the foregoing, we affirm the decision of the district court.
 
 
 
 [1]
 To the extent that any of the photos displayed prison garb, they were removed from the albums. About half of the photographs depicting a prison setting were removed by the government and defense counsel